## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

RHONDA MAXWELL,      )
                       )
        Plaintiff,      )
                       )
v.                   )         CV425-306
                       )
GEORGIA DEPARTMENT OF  )
COMMUNITY SUPERVISION,  )
                       )
        Defendant.    )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Rhonda Maxwell filed a Complaint alleging that she was discriminated and retaliated against in violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Family and Medical Leave Act. *See generally* doc. 1. She also moved to pursue this case *in forma pauperis*. Doc. 2. After reviewing plaintiff's application, she does not appear indigent and her motion for leave to proceed IFP should be **DENIED**. Doc. 2. She also filed several other motions that are addressed below. Docs. 3 & 4.

Maxwell discloses that her monthly income is $1,045.00. Doc. 2 at 1. She also discloses that she has $400.00 in cash or in a checking or savings account. *Id.* at 2. Finally, she discloses that her monthly

1

expenses are approximately $815, including a $150 per month bill for what appears to be cable television. *Id.* Thus, assuming that the $150 expense is not, itself, discretionary, she still has $230.00 per month in discretionary income. That amount of discretionary income, coupled with the available funds she discloses, preclude authorizing her to proceed *in forma pauperis*.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it is not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given that it appears that Maxwell has sufficient discretionary income and available funds to pay the Court's filing fee, she is not indigent. Accordingly, her application to proceed *in forma pauperis* should be **DENIED**.[1] Doc. 2. Should the assigned district judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

---

[1] If Plaintiff believes the Court has misconstrued her financial situation, her opportunity to object to this Report and Recommendation, discussed below, provides her an opportunity to clarify it. She is reminded that any submission regarding her finances must be truthful. To the extent that Maxwell wishes to clarify her financial condition, she is **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)). The Clerk is **DIRECTED** to send Maxwell a blank copy of Form AO 239 with this Report and Recommendation for her convenience. To the extent that she wishes to amend any of her prior disclosures, she must also explain why she did not fully or accurately disclose the information on her first application.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Maxwell has also filed two motions which may be resolved immediately. First, she has requested authorization to submit materials to the Court electronically using the Court's CM/ECF system. *See generally* doc. 3. Use of CM/ECF by a *pro se* plaintiff is not absolutely prohibited, but it is rarely granted. *See Blochowicz v. Wilkie*, 2020 WL

5028224, at * 1 (S.D. Ga. Aug. 25, 2020) (Hall, C.J.) ("It is the Southern District of Georgia's policy not to allow *pro se* litigants to utilize electronic filing." (internal quotation marks and citation omitted)); *see also McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x. 874, 878 (11th Cir. 2011) (upholding district court denial of electronic filing permission). Therefore, her Motion for Permission to File and Receive Documents Electronically, which explicitly requests permission for her to "file documents electronically through the Court's CM/ECF system," doc. 3 at 2, is **DENIED**. Doc. 3. However, Maxwell's Motion indicates that the Clerk's Office has made a limited exception to permit her to submit her initial filings via email. *Id.* at 1. To the extent that Maxwell contends that some accommodation to the Court's normal paper-filing requirements, which does not afford her direct access to the CM/ECF system, is necessary, she is free to seek such accommodation by Motion. Moreover, to ensure that she has adequate access to this Order and Report and Recommendation, the Clerk is **DIRECTED** to send a courtesy copy to the email address Maxwell has used to submit the

instant filings, in addition to serving a copy pursuant to his standard procedures, *cf.* Fed. R. Civ. P. 77.

Finally, Maxwell requests "appointment" of counsel, pursuant to 28 U.S.C. § 1915(e)(1). The Court notes, first, that the cited statute does not authorize the "appointment" of counsel, it merely authorizes the Court to "request" an attorney represent a "person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Pretermitting whether the determination above that Maxwell is not indigent alters whether the Court could request counsel to represent her, it is clear that such a request is not appropriate in this case.

Maxwell requests appointed counsel as an accommodation of her disabilities, including blindness and mental health conditions that "limit her ability to read, analyze, and prepare legal filings, comply with procedural rules, and effectively litigate this case without assistance." Doc. 4 at 1. Maxwell has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should

appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021). Moreover, "[w]hile the Court sympathizes with Plaintiff's health issues, those alone do not constitute a basis for appointment of counsel[;]" particularly where "Plaintiff's initiation of the present action along with [her] filings, all without an attorney, have demonstrated [her] ability to proceed adequately on [her] own behalf." *Williams v. McDonough*, 2023 WL 6552306, at *2 (N.D. Ga. Aug. 4, 2023).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.

7

Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).  As Maxwell's filings in this case are clear and cogent, and the issues related to her employment-discrimination claims are not complex, the Court does not find any "exceptional circumstance" that warrants appointment of counsel.  *Fowler*, 899 F.2d at 1096.  Maxwell's request for appointed counsel is, therefore, **DENIED**.  Doc. 4.

      **SO ORDERED AND REPORTED AND RECOMMENDED**, this 18th day of December, 2025.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA