UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RHONDA MAXWELL,                )
                               )
          Plaintiff,           )
                               )
v.                             )          CV425-306
                               )
GEORGIA DEPARTMENT OF          )
COMMUNITY SUPERVISION,         )
                               )
          Defendant.           )

## ORDER

*Pro se* plaintiff Rhonda Maxwell filed a Complaint alleging that she was discriminated and retaliated against in violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Family and Medical Leave Act ("FMLA"). *See generally* doc. 1. She also moved to pursue this case *in forma pauperis* ("IFP"). Doc. 2. The Court previously recommended that her motion to proceed IFP be denied. Doc. 7. She has objected, explaining her original IFP application contained a mistake, and that she has only $40 in available funds. Based on her corrected application, doc. 10 at 3-10, the Court finds that she is unable to pay the filing fee. The prior Report and Recommendation is, therefore, **VACATED**, doc. 7, and her Motion for Leave to Proceed IFP is

1

**GRANTED**, doc. 2.  Therefore, the Court proceeds to screen her Complaint.  28 U.S.C. § 1915(e)(2).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)."  *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *see Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement'

2

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Maxwell, who identifies the Georgia Department of Community Supervision as her former employer, alleges she "work[ed] under terms and conditions of employment that differed from similarly situated employees," and was subjected to harassment, retaliation, a failure to accommodate her disability, and termination. Doc. 1 at 6. She is legally blind and alleges she contacted her employer's ADA Coordinator regarding a "bright light above her desk causing headaches." Doc. 1-1 at 1. After she complained to the ADA Coordinator, she "received a write-up" for "going outside her chain of command." *Id.* She then reported the write-up to the District Director and was "forcibly removed from the building" by an individual identified as "Chief Simmons." *Id.* Meanwhile, the ADA Coordinator informed Maxwell that she was being moved to a room with dimmers on the lights; however, Maxwell continued to complain to the ADA Coordinator that she was "forced to share the classroom with employees who were not visually impaired," and that her co-workers complained about her dimming the lights in the room. *Id.*

3

After one such complaint to the ADA Coordinator, Maxwell was again "kicked out of the building" by Chief Simmons. *Id.*

Approximately three months later, Maxwell "was informed the light above her desk could not be fixed." Doc. 1-1 at 1. A human resources manager provided her with a "medical packet for her doctor to complete." *Id.* The next month, Chief Simmons again "removed Plaintiff from the building," after an individual identified only as "CA Lee" "stated she would meet with her the following day." *Id.* Maxwell reported the issue to HR, and some steps were taken to investigate her complaint. *Id.*

Apparently unrelated to the light issue, in September 2024, Maxwell "went out on FMLA leave due to a medical emergency." Doc. 1-1 at 1. Two days later, she returned to work, but "CA Lee" told her she could not work until she completed FMLA paperwork. *Id.* She requested additional information and never received a response. *Id.* Her FMLA claim was denied. *Id.* The next month, on October 14, 2024, Maxwell's doctor provided a letter that Maxwell could not return to work due to post-surgery medical issues. *Id.* On October 21, 2024, the HR Manager instructed Maxwell to return to work or face disciplinary action. *Id.* She then renewed her FMLA request which was ultimately approved. *Id.*

4

When she returned to work in December 2024, she was "terminated immediately." *Id.*

The ADA prohibits covered entities from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees . . . ." 42 U.S.C. § 12112(a). To plead a discrimination claim, a plaintiff must allege "he (1) is disabled, (2) is a 'qualified' individual, and (3) was subjected to unlawful discrimination because of his disability. A qualified individual is someone who with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Middlebrooks v. Swift Transp. Co.*, 2022 WL 4543168, at *3 (M.D. Ga. Sept. 28, 2022) (internal citation, quotations, and alterations omitted). "An employer's failure to make reasonable accommodation for an otherwise qualified disabled employee constitutes discrimination under the ADA[.]" *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225-26 (11th Cir. 2005); *see also Anderson v. Embarq/Spirit*, 379 F. App'x. 924, 927 (11th Cir. 2010) ("An employer impermissibly discriminates against a qualified individual when the employer does not reasonably accommodate the individual's

disability." (citing 42 U.S.C. § 12112(b)(5)(A))). The ADA also prohibits retaliation against an employee for opposing prohibited conduct. *See, e.g.,* 42 U.S.C. § 12203(a). "To establish a prima facie case of retaliation, a plaintiff must show: (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there was a causal link between the adverse action and the protected expression." *Stevens v. S. Nuclear Operating Co., Inc.,* 209 F. Supp. 3d 1372, 1381 (S.D. Ga. 2016).

The Court is satisfied that Plaintiff has pleaded sufficient factual allegations to warrant service of her Complaint on Defendant. There are sufficient allegations in her Complaint to allege, for screening purposes only, that she suffers from a disability and that she was refused a sufficient accommodation. The allegations of protected activity and a causal link between that activity and adverse employment actions are also sufficient, for screening purposes. Additionally, since the Court approves for service her claim under the ADA, it also approves for service her claims under Section 504 of the Rehabilitation Act and FMLA. To be absolutely clear, however, the Court's determination that Maxwell's Amended Complaint is sufficient for service does not, in any way, express

an opinion on the merits of those claims or the merits of any motion to dismiss Defendant might file, including on Eleventh Amendment or other sovereign immunity grounds.

Since Maxwell has been authorized to proceed *in forma pauperis*, she is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Her service-related Motions are, therefore, **DISMISSED AS MOOT**. Docs. 12 & 13. Since the Court approves Maxwell's claims for service, a summons, a copy of her Complaint, doc. 1, and this Order, shall be served by the United States Marshal upon Defendant the Georgia Department of Community Supervision without prepayment of cost, at the following address provided by Plaintiff:

> Georgia Department of Community Supervision
> 2 MLK Jr. Drive SE
> East Tower, Suite 866
> Atlanta, Georgia 30334.

Doc. 1 at 3. The Marshal shall serve the Georgia Department of Community Supervision by personally serving one of the individuals designated by the Department for receipt of service of process: Bea Blankenship, Daphane Evans-Huff, Maeyonna Saunders, or Michelle Zachary, at the address listed above. *See* https://dcs.georgia.gov/important-links/service-process; *see also* Fed. R.

Civ. P. 4(j)(2). Additionally, the Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff.

Maxwell has also moved for reasonable accommodations. Doc. 11. The Court notes that in another case pending in this Court, Maxwell has been afforded reasonable accommodations. *See Maxwell v. Walden University*, CV425-323, doc. 56 at 2-3. The Court will *sua sponte* afford Plaintiff those same accommodations in this case. Her Motion is, therefore, **DISMISSED AS MOOT**. Doc. 11. Although the Court will not alter its procedures for docketing and serving its Orders or other filings, in addition to his standard procedures, the Clerk is **DIRECTED** to send a courtesy copy of all Court filings in 20-point font to the email address provided by Plaintiff: rhondamaxwell2011@hotmail.com. Additionally, while Defendant must still comply with any service obligations under the Federal Rules of Civil Procedure and with the filing requirements imposed by this Court's Local Rules and Administrative Procedures, Defendant, upon appearing, is **DIRECTED** to send courtesy copies of any documents served on Plaintiff in at least 20-point font to the email address above.

8

The Court also provides the following instructions to the parties that will apply to the remainder of this action.

### INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in her address **may result in dismissal of this case**. **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ.

P. 26 to Fed. R. Civ. P. 37.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Plaintiff has the responsibility for maintaining her own records of the case.  If Plaintiff loses papers and needs new copies, she may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press her case forward, the court may dismiss it for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.  Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit her deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint

Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file her own version of the Proposed Pretrial Order.

## <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that she does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's

11

statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if she wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this 4th day of May, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA